```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DRL SOFTWARE SOLUTIONS, LLC,             :      17cv9125(DLC)
                                         :
                         Plaintiff,      :      MEMORANDUM OPINION
                                         :         AND ORDER
             -v-                         :
                                         :
JOURNEYPURE, LLC,                        :
                                         :
                         Defendant.      :
                                         :
---------------------------------------- X
```

For the plaintiff:
Galen Joseph Criscione
M. Salman Ravala
Nadin Rabelo Linthorst
Criscione Ravala, LLP
90 Park Avenue, Suite 1700
New York, New York 10016

For the defendant:
Eugene David Kublanovsky
Kublanovsky Law, LLC
817 Broadway, 5th Floor
New York, New York 10003

Joy Boyd Longnecker
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201

DENISE COTE, District Judge:

Defendant JourneyPure, LLC ("JourneyPure") has moved to dismiss two of the five claims in this action for failure to state a claim on which relief can be granted. JourneyPure contends that plaintiff DRL Software Solutions, LLC ("DRL") cannot maintain a claim for copyright infringement because it has failed to register

the work with the Copyright Office, and that DRL's unjust enrichment claim is duplicative of its breach of contract claim. For the following reasons, JourneyPure's motion is granted.

## **BACKGROUND**

The following facts are taken in the light most favorable to DRL. JourneyPure is engaged in the business of providing services to drug rehabilitation clinics. DRL contracted to provide a software platform for JourneyPure's use between July 2014 and October 2017. In June 2016, JourneyPure attempted to terminate the contract. DRL contends that JourneyPure breached the contract by failing to comply with the provisions of the termination clause. DRL also contends that JourneyPure disclosed DRL's software platform to a third-party, and continues to use software derived from DRL's software in the course of its business, in breach of a separate provision of the contract.

On November 21, 2017, this action was commenced by the filing of a complaint that asserted claims for breach of contract, unjust enrichment, fraudulent misrepresentation, innocent misrepresentation, and copyright infringement. On January 9, 2018, JourneyPure moved to dismiss the complaint as to the unjust enrichment and copyright infringement counts only. A January 10 Order gave DRL an opportunity to amend the complaint, and stated that it was unlikely that DRL would have a further opportunity to amend. DRL declined to take that opportunity, and instead opposed

the motion.  The motion became fully submitted on February 13, 2018.  Pursuant to a schedule set at a February 9, 2018 conference with the parties, fact discovery concludes on June 1, 2018.

**DISCUSSION**

In order to survive a motion to dismiss, "a complaint must plead specific facts sufficient to support a plausible inference that the defendant is liable for the misconduct alleged."  Doe v. Columbia University, 831 F.3d 46, 54 (2d Cir. 2016).  A court must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor."  Tongue v. Sanofi, 816 F.3d 199, 209 (2d Cir. 2016) (citation omitted).  "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016) (citation omitted).

**I.  Copyright Infringement**

JourneyPure moves to dismiss the copyright infringement claim on the ground that DRL failed to register the work prior to bringing suit.  The Copyright Act provides that "no civil action for infringement of [a] copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with" the Act.  17 U.S.C. § 411(a).  This rule, although not a jurisdictional bar to

3

a copyright suit, nonetheless is a mandatory precondition that, if not properly pled, mandates dismissal. See Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 168-69 (2010); Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 125-26 (2d Cir. 2014).

DRL does not allege that it has registered or applied to register any copyright in its work, and it is undisputed that it has not. Accordingly, the copyright infringement action must be dismissed for failure to comply with 17 U.S.C. § 411.

In arguing against dismissal, DRL claims that even unregistered works are properly the subject of copyright protection. Although DRL is correct that unregistered works can be entitled to copyright protection, a civil action to enforce that protection cannot be maintained until that work is registered, or, possibly, until an application for such registration has been submitted. See Psihoyos, 748 F.3d at 126. Whatever scope of copyright protection DRL could be entitled to under the Copyright Act, the lack of registration or application therefor precludes this cause of action.

## II.  Unjust Enrichment

JourneyPure also moves to dismiss the complaint to the extent it asserts a cause of action for unjust enrichment, because there is a valid contract that completely governs the parties' relationship. Under New York law, which the parties agree governs this action, "[a]n unjust enrichment claim is not available where

4

it simply duplicates, or replaces, a conventional contract or tort claim." Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 790-91 (2012). Accordingly, "[a] party may not recover in unjust enrichment where the parties have entered into a contract that governs the subject matter." Wilson v. Dantas, 29 N.Y.3d 1051, 1063 (2017) (citation omitted).

The unjust enrichment claim in this case must be dismissed because the contract entirely governs the subject matter. DRL does not dispute that the unjust enrichment claim effectively duplicates the breach of contract claim but argues that the claim is not duplicative because it is pled in the alternative, to protect its rights in the event that JourneyPure were to dispute the existence or terms of the contract. JourneyPure, however, has unequivocally represented that it does not dispute the existence of the contract, and that the case will center on parties' obligations under that contract. That representation binds JourneyPure and suffices to result in this claim's dismissal.

## CONCLUSION

JourneyPure's January 9, 2018 motion to dismiss the copyright infringement and unjust enrichment claims is granted.

SO ORDERED:

Dated: New York, New York
March 8, 2018

_____
DENISE COTE
United States District Judge